IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Fleming Companies, Inc., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

## THE PCT'S MOTION TO WITHDRAW THE REFERENCE FROM THE BANKRUPTCY COURT WITH RESPECT TO ITS SIXTY-FIRST OMNIBUS OBJECTION CLAIMS

The PCT[2] moves (the "Motion") the Court for entry of an order withdrawing the

reference from the United States Bankruptcy Court for the District of Delaware with respect to the

*PCT's Sixty-First Omnibus Objection to Claims* (the "Omnibus Objection"), attached hereto as

Exhibit 1. Together with this Motion, the PCT filed a motion for a determination by the United

States Bankruptcy Court for the District of Delaware that the Omnibus Objection is non-core. In

support of the Motion, the PCT respectfully states as follows:

### Jurisdiction

1.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409. The

---

[1]    The former Debtors whose cases are still open are:  Core-Mark International, Inc.; Fleming Companies, Inc.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; and Minter-Weisman Co.

[2]  The PCT is a trust created pursuant to the Debtors' Amended and Official Committee of Unsecured Creditors' Third and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the United States Bankruptcy Code (the "Plan") and the Post-Confirmation Trust Agreement dated August 19, 2004.  The PCT is responsible for and has the power to administer certain post-confirmation responsibilities under the Plan.

PCT's underlying objection to the personal injury claims is a non-core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

2.     The statutory bases for the relief requested herein are 28 U.S.C. § 157(b)(5) and 28 U.S.C. § 157(d).

### Background

3.     On April 1, 2003, the above-captioned Debtors filed their voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. On July 27, 2004, this Court entered an order confirming the Plan, which became effective on August 23, 2004. On the Plan's effective date, the cash and other assets of the Debtors and their estates were transferred to the PCT, the RCT, or the Reorganized Debtors, as applicable. See Art. V.G.3. The PCT is responsible for resolving all prepetition claims asserted against the Debtors' estates. See Art. X.G.1.

4.     The Plan required the PCT to raise all objections to prepetition claims asserted against the Debtors' estate by August 23, 2005. The Bankruptcy Court has extended this deadline through and including December 21, 2006. (D.I. 13057).

5.     The personal injury claims subject to the Omnibus Objection all arise from alleged injuries suffered in the prepetition period. All of the claimants assert damages against the Debtors' estates, but none has provided sufficient information to support their alleged injuries.

6.     Before bringing the Omnibus Objection, the PCT diligently attempted to consensually resolve the personal injury claims. The PCT attempted to contact the claimants or counsel and, where possible, requested evidence with respect to the alleged injuries. The PCT then sent the claimants letters formally requesting additional information with respect to the claims. Several claimants informally agreed to provide support for their respective claims, but in the end,

the claimants did not produce the information to the PCT as promised. Other claimants did not

respond to the PCT's letter at all. All claimants subject to the Omnibus Objection have provided no

evidence or, in some cases, provided insufficient evidence to support their respective claim. In sum,

the personal injury claimants subject to the PCT's objection have shown unwillingness to cooperate

in the consensual, informal resolution of their respective claim, and the PCT is left with no other

choice than to object to the claims.

Relief Requested and Basis for Relief Requested

7.     The matters addressed by the Omnibus Objection to personal injury claims

are outside of the bankruptcy court's core jurisdiction. By this Motion, the Debtors seek an order

withdrawing the reference with respect to the Omnibus Objection so that it may obtain a final

judgment with respect to the personal injury claims.[3]

8.     Congress has specifically enumerated the matters over which the bankruptcy

courts -- courts of limited jurisdiction -- may preside. 11 U.S.C. § 157(b)(1). It has also

specifically excluded certain matters from the bankruptcy court's jurisdiction, including "the

liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims

against the estate for purposes of distribution in a case under title 11." 28 U.S.C. § 157(b)(2)(B).

The Omnibus Objection to contingent, unliquidated personal injury claims falls precisely in the

category of matters Congress has excluded from bankruptcy court jurisdiction.

9.     When the bankruptcy court does not have jurisdiction over a matter,

Congress allows the district court to withdraw the reference of that matter "for cause shown." 28

---

[3]    The PCT's motion for a determination that its objection to the personal injury claims is a non-core matter requests, as an alternative to a finding that the objection is non-core, that the Bankruptcy Court make proposed findings of fact and conclusions of law in accordance with 28 U.S.C. § 157(c)(1), which findings and conclusions may be submitted to this Court for order or judgment.

U.S.C. § 157(d) (stating that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown"). In the case of personal injury claims, Congress goes so far as to require that the claims "be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." Here, where Congress has specifically directed the district court to try personal injury claims, withdrawal of the reference is proper. See In re Northwestern Corp., 2004 WL 1044383 (D. Del. Apr. 29, 2004) (Farnan, J.) (a true and correct copy of the Northwestern decision is attached hereto as Exhibit 2).

10.     Interests of judicial economy also favor the withdrawal of this matter to the district court. In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990) (noting that considerations of judicial economy, including ensuring the economical use of resources and expediting the resolution of bankruptcy cases, are relevant in determining whether permissive withdrawal is warranted). To date, the claimants subject to the Omnibus Objection have not cooperated with the PCT in resolving their respective claims. The claimants have not provided requested documents and have not been willing to negotiate a settlement. Given the claimants' past conduct, it is unlikely that -- despite its best efforts -- the PCT will be able to consensually resolve the personal injury claims. And because there is no state court litigation pending, if the PCT is not permitted to litigate the personal injury claims in the District Court, it will have no other forum to which to turn.

### Notice

11.     Notice of this Motion has been given to: (i) the United States Trustee; (ii) the claimants subject to the *PCT's Sixty-First Omnibus Objection to Claims*; and (iii) those persons

who requested notice pursuant to the Court's October 20, 2004 order limiting service.  (D.I. 9696).

In light of the nature of the relief requested herein, the PCT submits that no other or further notice is

required.

## No Previous Request

12.    No previous request for the relief sought herein has bee made to this or any

other court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, the PCT respectfully requests that the Court enter an order, substantially in the form attached hereto, withdrawing the reference with respect to the *Sixty-First Omnibus Objection to Claims* to the United States District Court for the District of Delaware and granting such other and further relief as is just and proper.

Dated:  August 10, 2006

PACHULSKI STANG ZIEHL YOUNG
JONES & WEINTRAUB LLP

Laura Davis Jones (Bar No. 2436)
Scotta E. McFarland (Bar No. 4184)
919 North Market Street, 17th Floor
Post Office Box 8705
Wilmington, Delaware 19899-8705
(Courier No. 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

and

KIRKLAND & ELLIS LLP
Richard L. Wynne (CA Bar No. 120349)
Erin N. Brady (CA Bar No. 215038)
F. Wade Ackerman (CA Bar No. 234747)
777 South Figueroa Street
Los Angeles, California  90017
Telephone:  (213) 680-8400
Facsimile:  (213) 680-8500

Co-Counsel for the Post Confirmation Trust

# **EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Fleming Companies, Inc., et al.[1] | ) | |
| | ) | Case No. 03-10945 (MFW) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Responses Due: September 15, 2006** |
| | ) | **Hearing Date: September 22, 2006 at 11:30 a.m. EST** |
| | ) | |
| | ) | |

## PCT'S SIXTY-FIRST OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

The Post Confirmation Trust ("PCT")[2] now brings its Sixty-First Omnibus Objection to

Claims seeking an order disallowing certain personal injury claims currently pending in these

bankruptcy cases. In support of this objection, PCT respectfully states as follows:

### Jurisdiction

1. This Court has jurisdiction over the Sixty-First Omnibus Objection pursuant to 28

U.S.C. § 1334. This matter is a non-core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2)(B).

2. The bases for the relief requested are 11 U.S.C. §§ 105(a) and 502, Federal Rule

of Bankruptcy Procedure 3007 and Local Rule 3007-1 of the Local Rules of Practice and

Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local

Rules").

---

[1] The former Debtors whose cases are still open are: Core-Mark International, Inc.; Fleming Companies, Inc.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; and Minter-Weisman Co.

[2] PCT is a trust created pursuant to the Debtors' and Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the United States Bankruptcy Code and the Post-Confirmation Trust Agreement dated August 19, 2004. PCT is responsible for and has the power to administer certain post-confirmation responsibilities under the Plan.

## Background

3.      On April 1, 2003 (the "Petition Date"), the above-captioned Debtors, including

Fleming Companies, Inc. ("Fleming"), each filed a voluntary petition for relief under chapter 11

of title 11 of the United States Code (as amended, the "Bankruptcy Code").

4.      On July 27, 2004, this Court entered an order confirming the *Debtors' and*

*Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of*

*Reorganization of Fleming Companies, Inc. and its Filing Subsidiaries under Chapter 11 of the*

*Bankruptcy Code* (the "Plan"). The Plan became effective on August 23, 2004. On the Plan's

effective date, the cash and other assets of the Debtors and their estates were transferred to the

PCT, the RCT, or the Reorganized Debtors, as applicable. See Art. V.G.3.

5.      PCT has the authority to bring this Sixty-First Omnibus Objection. See Plan at

Art. X.A.

## Factual Backgound

6.      The PCT objects to the proofs of claims set forth on Exhibit A, all of which are

personal injury claims, and asks that the claims be disallowed in their entirety.[3]

7.      Over the duration of the Debtors' bankruptcy cases, individuals asserted 157

unsecured personal injury claims against the Debtors' estates. As of April 2006, approximately

50 of these claims remained to be resolved. In an attempt to obtain additional information from

and to initiate a settlement dialogue with the remaining personal injury claimants, in early and

mid-April 2006, the PCT sent letters to each of these claimants (and, where appropriate, their

counsel) asking them to voluntarily provide certain information necessary for the PCT to analyze

---

[3] The facts set forth in this Objection are supported by the *Affidavit of John Franks In Support of the PCT's Sixty-First Omnibus Objection to Claims (Substantive)* ("Franks Affidavit"), filed concurrently with this Objection.

and evaluate their respective claims. The PCT's letter advised claimants that if they failed to agree to produce the requested information, the PCT would seek a court order requiring them to do so. A template of the letter the PCT mailed out is attached as Exhibit 1 to the Franks Affidavit, filed concurrently herewith.

8.    Three of the ten claimants subject to this objection simply did not respond to the PCT's letter. The other seven creditors did respond and agreed to provide the requested information regarding their respective claims within approximately 30 days. That was in April of 2006. Unfortunately, as of this filing, none of these seven claimants has actually provided any information. Accordingly, and in an effort to avoid the necessity of filing this objection, on June 29, 2006, the PCT filed a motion with the Bankruptcy Court asking the court to compel these ten claimants to produce documents to support their claims. (D.I. 13064). The Bankruptcy Court ultimately found, however, that it did not have jurisdiction to compel discovery relating to personal injury claims and instructed the PCT to proceed directly to the District Court on matters related to these claims. Accordingly, the PCT now files this objection to claims.

## The Legal Basis for Relief

9.    The PCT objects to the ten claims set forth on Exhibit A on the legal basis that these claimants have not met their burden of proof in asserting their alleged claims against the Debtors' estates.

10.    When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) (claimants must alleged facts sufficient to support a legal liability to the claimant before the claim is *prima facie* valid); Matter of Int'l Match Corp., 69 F. 2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege

3

facts from which legal liability can be seen to exist). As discussed more fully in the Franks

Affidavit, the claimants listed on Exhibit A did not provide sufficient information in their claims

to support any finding -- or even presumption -- of liability. For example, many of the claims do

not include information regarding, among other things, the circumstances of the claimants'

alleged injuries, the Debtors' involvement in the claimants' alleged injuries, the extent of the

claimants' alleged injuries or the claimants' out-of-pocket costs relating to the alleged injuries.

This remained true even after the PCT personally contacted each of these claimants and *invited*

them to provide the information necessary to support their claims. In light of these facts (or, in

this case, lack thereof), the Court should dismiss and disallow the claims listed on Exhibit A in

their entirety. In re Allegheny Int'l, Inc., 954 F.2d at 173.[4]

### Reservation of Rights

11.    The PCT reserves the right, upon obtaining leave (where necessary), to formally

reply to any written response filed with respect to this objection. The PCT also reserves the

right, consistent with the local rules of this district, Orders of the Court, and any other applicable

law, to amend, modify and/or supplement this objection. Finally, the PCT expressly reserves any

rights it may have to exercise its right of setoff against the holders of claims subject to this

objection.

### Notice

12.    The PCT will serve copies of this objection (together with the exhibit) on (a)

claimants with pending claims subject to the Sixty-First Omnibus Objection, (b) the Office of the

United States Trustee and (c) those who have requested special notice pursuant to the Court's

---

[4]    If these creditors provide information to support the validity of their claim in response to this objection, the PCT will consider that information and, if appropriate, withdraw or amend this objection.

4

October 20, 2004 order limiting service. (D.I. 9696). As a result, notice of this Sixty-First

Omnibus Objection is sufficient under Rule 3007 of the Federal Rules of Bankruptcy Procedure

and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of

Delaware and no further notice is necessary.

### No Previous Request

13.    No previous request for the relief set forth herein with respect to the claims set

forth on Exhibit A has been made to this or any other court.

5

## Conclusion

WHEREFORE, PCT respectfully requests that the Court dismiss and disallow the claims set forth on Exhibit A attached hereto, and grant any further relief that the Court deems just and proper.

Dated:  August 10, 2006

                              PACHULSKI STANG ZIEHL YOUNG
                              JONES & WEINTRAUB LLP

                              *[signature]*

                              Laura Davis Jones (Bar No. 2436)
                              Scotta E. McFarland (Bar No. 4184)
                              919 North Market Street, 17th Floor
                              Post Office Box 8705
                              Wilmington, Delaware 19899-8705
                              (Courier No. 19801)
                              Telephone:  (302) 652-4100
                              Facsimile:  (312) 652-4400

                                   and

                              KIRKLAND & ELLIS LLP
                              Richard L. Wynne (CA Bar No. 120349)
                              Erin N. Brady (CA Bar No. 215038)
                              F. Wade Ackerman (CA Bar No. 234747)
                              777 South Figueroa Street
                              Los Angeles, California  90017
                              Telephone:  (213) 680-8400
                              Facsimile:  (213) 680-8500

                              *Co-Counsel for the Post Confirmation Trust*

6

**Exhibit A**

**List of Claimants Subject to This Objection**

## Exhibit A

### List of Claimants Subject to This Objection

| Claimant | Claim Number | Responded to PCT's Meet-And-Confer Letter |
|---|---|---|
| Bernadette Caffalio | 14927 | Yes |
| Cynthia Chamberlain | 9480 | No |
| Craig Engblom | 7012 | Yes |
| Melissa Fulgum | 15173 | Yes |
| Rene Jackson | 18478 | Yes |
| Leon Labate | 7506 | Yes |
| Isabel Nunez | 11898 | Yes |
| Gary Olson | 10101 | Yes |
| Adalberto Pastor | 13993 | No |
| Eloisa Perez | 13299 | No |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Relates to Docket No. \_\_\_\_** |

### ORDER GRANTING THE PCT'S
### SIXTY-FIRST OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

Upon consideration of the *PCT's*[2] *Sixty-First Omnibus Objection To Claims (Substantive)*

seeking entry of an order reducing, reclassifying and/or disallowing certain claims; and no

previous application having been made; and it appearing that this Court has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a non-core proceeding

pursuant to 28 U.S.C. § 157(b)(2)(B); and it appearing that venue of the proceeding and the

Sixty-First Omnibus Objection is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice having been given and no further notice being required; and after due deliberation

and sufficient cause appearing therefor, it is hereby

ORDERED that the *Sixty-First Omnibus Objection* is sustained; and it is further

ORDERED that each of the claims listed on Exhibit A to this Order is disallowed in its

entirety; and it is further

---

[1]   The Debtors were:  Core-Mark International, Inc.; Fleming Companies, Inc.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; and Minter-Weisman Co.

[2]   Capitalized terms not defined herein are as defined in the PCT's Sixty-First Omnibus Objection to Claims.

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2006


_____
United States District Court Judge

Exhibit 2

Westlaw.

Not Reported in F.Supp.2d                                                                 Page 1
Not Reported in F.Supp.2d, 2004 WL 1044383 (D.Del.)
(Cite as: 2004 WL 1044383 (D.Del.))

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
In re: NORTHWESTERN CORPORATION, Debtor.
ESTATE OF Orval MEYER, Plaintiff,
v.
NORTHWESTERN CORPORATION, aka
Northwestern Public Service Company, aka Montana
Power LLC, aka Northwestern Energy, aka
Northwestern Energy-Montana, Defendant.
No. 03-12872 CGC, 04-167 JJF.

April 29, 2004.
James P. Harrington, and Frank Burgess, Butte,
Montana, for Plaintiff.

Charles Michael Terribile, of Greenburg Traurig,
LLP, Wilmington, Delaware, for Defendant.

Mark S. Kenney, Office of the United States Trustee,
Wilmington, Delaware, for United States Trustee.

Charlene D. Davis, of the Bayard Firm, Wilmington,
Delaware, for the Official Committee of Unsecured
Creditors.

*MEMORANDUM OPINION*

FARNAN, J.

*1 Presently before the Court is the Motion For
Withdrawal Of Reference And Transfer To United
States District Court In Judicial District Of Montana,
Butte Division filed by the Estate of Orval Meyer
("Plaintiff"). (D.I.1.) For the reasons discussed, the
Court will grant the Motion.

BACKGROUND
On July 13, 1999, a City of Helena bus struck an
overhead gas heater when entering its bus barn,
separating the gas line and causing the bus barn to fill
with gas. The following morning, Orval Meyer
opened the bus barn garage door and the gas
exploded. Mr. Meyer passed away a few days later
from his injuries. Mr. Meyer's Estate ("Plaintiff")

brought a personal injury and wrongful death lawsuit
against the City of Helena, the Montana Power
Company, and its successor, Northwestern Energy,
L.L.C. ("Northwestern"), on July 22, 2002, in
Montana state court.

Northwestern is a wholly owned subsidiary of
Northwestern Corporation, a Delaware corporation
currently in Chapter 11 bankruptcy in the United
States Bankruptcy Court in the District of Delaware
(the "Delaware Bankruptcy"). Northwestern is not a
named party in the Delaware Bankruptcy. By its
Motion, Plaintiff moves the Court to withdraw the
reference and transfer this action to the United States
District Court in the Judicial District of Montana,
Butte Division ("Montana District Court"). [FN1]

> FN1. Respondents did not file an opposition
> brief to Plaintiff's Motion, and therefore, the
> Court will dispose of the instant matter on
> the limited record before it.

DISCUSSION
I. Permissive Withdrawal [FN2]

> FN2. Because Northwestern is not a named
> party in the Delaware Bankruptcy and only a
> subsidiary of the Debtor, the automatic stay
> does not prohibit the Court from addressing
> the merits of the instant motion. *See*
> *Maritime Elec. Co., Inc. v. United Jersey*
> *Bank, 959 F.2d 1194, 1205 (3d Cir.1992).*

The Court is persuaded that Plaintiff has shown
sufficient "cause" to justify permissive withdrawal.
The first sentence of Section 157(d) provides that a
district court may withdraw the reference of any case
under this section "for cause." Courts in the Third
Circuit have enumerated a number of factors that
may constitute "cause," including: the goal of
promoting uniformity in bankruptcy administration,
whether the action is core or noncore, judicial
efficiency, and discouraging forum shopping. *In re*
*Pruitt, 910 F.2d 1160, 1168 (3d Cir.1990)* (citing
*Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d*
*992, 999 (5th Cir.1985)); In re G-I Holdings, Inc.,*
*295 B.R. 211, 216 (D.N.J.2003).*

The Court concludes that permissive withdrawal is
proper because, pursuant to 28 U.S.C. § 157(b)(5),
the Bankruptcy Court is without subject matter

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1044383 (D.Del.)
**(Cite as: 2004 WL 1044383 (D.Del.))**

Page 2

jurisdiction over Plaintiff's claims. Section 157(b)(5) provides:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5). The mandate from Section 157(b)(5), that personal injury tort and wrongful death claims be tried by the district court, effectively deprives the Bankruptcy Court of jurisdiction to entertain the instant action. *See Hansen v. Borough of Seaside Park,* 164 B.R. 482, 485-86 (D.N.J.1994) (citing *Vinci v. Town of Carmel,* 108 B.R. 439, 441-42 (Bankr.S.D.N.Y.1989)); *In re Manidis,* Bankr.Adv. No. 93-0181, 1994 WL 250072, *6-7 (Bankr.E.D.Pa. May 27, 1994) (citations omitted). Accordingly, the Court concludes that permissive withdrawal is appropriate. *See In re Patterson,* 150 B.R. 367, 368 (E.D.Va.1993).

II. Transfer Pursuant To 28 U.S.C. § 157(b)(5)

*2 The Court also concludes that a transfer to the Montana District Court is appropriate in this case. As cited above, Section 157(b)(5) permits a district court to order personal injury and wrongful death claims to be tried in the district where the bankruptcy action is proceeding or in the district where the claim arose. In the Court's view, the circumstances in this case require the Court to exercise its discretion and order a transfer to Montana.

The events at the heart of this action all occurred in Montana. Also, Plaintiff has indicated its intention to consolidate the instant action with the pending Montana state court action if the instant action is transferred to the Montana District Court. (D.I. 2 at 3.) Further, the claims in the instant action involve Montana tort principles and all of the expert and fact witnesses reside in that state. *Id.* at 10. Based on these facts, and pursuant to the authority provided by Section 157(b)(5), the Court is persuaded that principles of judicial economy and the convenience of the parties require the Court to exercise its discretion and transfer this action to the Montana District Court.

CONCLUSION

For the reasons discussed, the Court will grant the Motion to Withdraw and transfer this action to the Montana District Court.

*ORDER*

At Wilmington, this *29* day of April, 2004, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1) The Motion For Withdrawal Of Reference And Transfer To United States District Court In Judicial District Of Montana, Butte Division filed by the Estate of Orval Meyer ("Plaintiff") (D.I.1) is *GRANTED;*

a) The reference to the Bankruptcy Court is *WITHDRAWN* pursuant to 28 U.S.C. § 157(d);

b) This matter is transferred to the United States District Court in the Judicial District of Montana, Butte Division.

Not Reported in F.Supp.2d, 2004 WL 1044383 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 2006 WL 1814010 (Trial Motion, Memorandum and Affidavit) Appellant's Reply to Appellees' Limited Opposition and Revised Proposed Order of Dismissal (May 19, 2006)Original Image of this Document with Appendix (PDF)

• 2006 WL 1814070 (Trial Motion, Memorandum and Affidavit) Northwestern Corporation's Response to Appellants' Opening Brief (May 11, 2006)Original Image of this Document (PDF)

• 2006 WL 1388585 (Trial Motion, Memorandum and Affidavit) Appellant's Memorandum of Law in Support of its Motion for an Order Dismissing its Appeal (Apr. 21, 2006)Original Image of this Document (PDF)

• 2006 WL 1435874 (Trial Motion, Memorandum and Affidavit) Debtor's Supplemental Brief in Support of Motion to Dismiss Consolidated Appeals (Apr. 20, 2006)Original Image of this Document with Appendix (PDF)

• 2005 WL 2603679 (Trial Motion, Memorandum and Affidavit) Appellants' Consolidated Reply to (i) Northwestern Corporation's Reply to Appellants' Opening brief (ii) Brief of Appellee, Plan Committee and (iii) Joinder of AD Hoc Committee of Class 7 Debtholders to Plan Committee's Brief in Response to Opening B rief of Appellants (Sep. 7, 2005)Original Image of this Document (PDF)

• 2005 WL 2398233 (Trial Motion, Memorandum and Affidavit) Northwestern Corporation's

Not Reported in F.Supp.2d                                                    Page 3
Not Reported in F.Supp.2d, 2004 WL 1044383 (D.Del.)
**(Cite as: 2004 WL 1044383 (D.Del.))**

Designation of Additional Documents for the Record
and Objection to Statement of Issues on Appeal (Jul.
29, 2005)Original Image of this Document (PDF)

• 2005 WL 2385530  (Trial Motion, Memorandum
and Affidavit) Opening Brief of Appellants (Jul. 27,
2005)Original Image of this Document (PDF)

• 1:04cv00167 (Docket) (Mar. 17, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

## ORDER WITHDRAWING THE REFERENCE FROM THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

Upon consideration the PCT's motion to for an order withdrawing the reference

from the United States Bankruptcy Court for the District Court for the District of Delaware with

respect to the PCT's objection to the personal injury claims; and it appearing that the relief

requested herein is in the best interests of the PCT, the PCT, and its creditors; and notice of the

PCT's motion having been provided to (i) the United States Trustee; (ii) the claimants subject to

the PCT's objection; and (iii) all parties that have requested special notice pursuant to the

Court's October 20, 2004 order limiting service; and it appearing that no other or further notice

need be given; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted.

---

[1]     The former Debtors whose cases are still open are: Core-Mark International, Inc.; Fleming Companies, Inc.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; and Minter-Weisman Co.

2.    The District Court for the District of Delaware hereby withdraws the

reference with respect to *PCT's Sixty-First Omnibus Objection to Claims* currently pending in

case number 03-10945(MFW).

3.    The District Court shall hold a status conference on this matter on

_____ at _____.  The PCT shall give the claimants written notice of the time and

place of this status conference on or before _____.


Dated: _____


                                    _____
                                    United States District Court Judge

**TRANSMITTAL SHEET FOR WITHDRAWAL OF REFERENCE TO THE
U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE**


**Bankruptcy Case #:**                    03-10945-MFW  Fleming Companies, Inc.


**Deputy Clerk Transferring Case:**       M. Lopez

**Case Type:**                            Bankruptcy

**Cause of Transmittal:**                 Motion to Withdraw the Reference with Respect to
                                          the PCT's Sixty-First Omnibus Objection to Claims
                                          to the U.S. District Court

revised: 10/20/03

F:\FORMS\TRANSWTH.wpd